TOGUT, SEGAL & SEGAL LLP
One Penn Plaza, Suite 3335
New York, New York 10119
(212) 594-5000
Neil Berger
Brian F. Shaughnessy
Martha E. Martir
John C. Gallego

*Proposed Attorneys for Albert Togut,*
*Not Individually But Solely in His Capacity*
*as the Chapter 11 Trustee*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------- x

|  |  |  |
|---|---|---|
| In re: | : | Chapter 11 |
|  | : |  |
| PEGGY NESTOR, | : | Case No. 23-10627 (MEW) |
|  | : |  |
| Debtor. | : |  |
|  | : |  |

------------------------------------------------------------------- x

|  |  |  |
|---|---|---|
| ALBERT TOGUT, Not Individually But Solely in His Capacity as Chapter 11 Trustee, | : | |
|  | : |  |
|  | : |  |
| Plaintiff, | : | Adv. Pro. No. 24-01342 (MEW) |
|  | : |  |
| v. | : |  |
|  | : |  |
| PEGGY NESTOR and MARIANNE NESTOR CASSINI, | : | |
|  | : |  |
| Defendants. | : |  |

------------------------------------------------------------------- x

**APPLICATION FOR AN ORDER TO SHOW**
**CAUSE SCHEDULING HEARING TO CONSIDER CHAPTER 11**
**TRUSTEE'S REQUEST FOR ISSUANCE OF PRELIMINARY INJUNCTION**
**DIRECTING DEFENDANTS TO IMMEDIATELY VACATE, SURRENDER**
**AND TURN OVER POSSESSION OF NEW YORK CITY TOWNHOUSE**

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ................................................................................................. 2

JURISDICTION AND VENUE ................................................................................................. 4

BACKGROUND ......................................................................................................................... 5

RELIEF REQUESTED ............................................................................................................. 13

BASIS FOR RELIEF ............................................................................................................... 13

I.    Plaintiff Will Succeed on the Merits ............................................................................... 13

    A.    The Debtor is Statutorily Obligated to
       Turn Over the Townhouse to Plaintiff ................................................................. 13

    B.    The Trustee is Entitled to Possession of the Townhouse ................................... 14

II.   Immediate Relief is Needed to Enjoin Defendants' Improper Conduct ................... 17

III.  An Order to Show Cause Is Warranted Under the Circumstances ........................... 17

IV.   The Trustee Is Excused from Posting Any Bond ......................................................... 18

NOTICE ................................................................................................................................... 19

NO PRIOR REQUEST ........................................................................................................... 19

CONCLUSION ........................................................................................................................ 20

i

## TABLE OF AUTHORITIES

**Cases**

*Adelphia Commc'ns Corp. v. Am. Channel LLC (In re Adelphia Commc'ns Corp.),*
No. 02-41729 (REG), 2006 WL 1529357 (Bankr. S.D.N.Y. June 5, 2006) ......................... 13

*D.L. Cromwell Invs., Inc. v. NASD Regulation, Inc.,*
279 F.3d 155 (2d Cir. 2002) ................................................................................................ 17

*Knaus v. Concordia Lumber Co.,*
889 F.2d 773 (8th Cir. 1989) ............................................................................................... 15

*Kramer v. Mahia (In re Khan),*
No. 10-46901-ESS, 2014 WL 10474969 (E.D.N.Y. Dec. 24, 2014) ..................................... 15

*Metromedia Fiber Network Servs. v. Lexent, Inc. (In re Metromedia Fiber Network, Inc.),*
290 B.R. 487 (Bankr. S.D.N.Y. 2003) ................................................................................... 14

*Norwood v. Crabtree (In re Crabtree),*
37 B.R. 426 (Bankr. E.D. Tenn. 1984)................................................................................... 18

*Transouth Fin. Corp. v. Sharon,*
234 B.R. 676 (B.A.P. 6th Cir. 1999)...................................................................................... 15

*Weber v. SEFCU (In re Weber),*
719 F.3d 72 (2d Cir. 2013) ................................................................................................... 14

*Wisdom Imp. Sales Co. v. Labatt Brewing Co.,*
339 F.3d 101 (2d Cir. 2003) ................................................................................................. 13

*Zazzali v. Minert (In re DBSI, Inc.),*
468 B.R. 663 (Bankr. D. Del. 2011) ...................................................................................... 15

**Statutes**

11 U.S.C. § 105 ............................................................................................................................. 5

11 U.S.C. § 105(a) ...................................................................................................................... 16

11 U.S.C. § 363 ........................................................................................................................... 15

11 U.S.C. § 521 ....................................................................................................................... 5, 16

11 U.S.C. § 521(a)(3) .................................................................................................................. 14

11 U.S.C. § 521(a)(4) .................................................................................................................. 14

11 U.S.C. § 541 ............................................................................................................................. 5

11 U.S.C. § 542 ................................................................................................ 5, 16

11 U.S.C. § 542(a) ......................................................................................... 14, 16

28 U.S.C. § 157 ..................................................................................................... 4

28 U.S.C. § 157(b) ................................................................................................ 4

28 U.S.C. § 1334 ................................................................................................... 4

28 U.S.C. § 1408 ................................................................................................... 4

28 U.S.C. § 1409 ................................................................................................... 4

**Rules**

Bankr. S.D.N.Y.R. 9006 ....................................................................................... 5

Bankr. S.D.N.Y.R. 9006-1(b) ............................................................................. 17

Bankr. S.D.N.Y.R. 9007-1 .................................................................................... 5

Bankr. S.D.N.Y.R. 9077-1(a) ............................................................................. 17

Fed. R. Bankr. P. 7001 .......................................................................................... 5

Fed. R. Bankr. P. 7065 ..................................................................................... 5, 18

Fed. R. Bankr. P. 9006(c)(1) ......................................................................... 17, 18

Fed. R. Civ. P. 65(a)(2) ...................................................................................... 17

TO THE HONORABLE MICHAEL E. WILES,
UNITED STATES BANKRUPTCY JUDGE:

Albert Togut, not individually but solely in his capacity as Chapter 11

trustee (the "Plaintiff" or the "Trustee") of the estate (the "Estate") of Peggy Nestor (the

"Debtor"), the debtor in the above-captioned case (the "Chapter 11 Case"), and the

plaintiff in the above-captioned adversary proceeding (the "Adversary Proceeding"), by

his attorneys, Togut, Segal & Segal LLP, hereby makes this application (the "Motion")

for (I) entry of an order to show cause, substantially in the form annexed hereto as

**Exhibit A** (the "Order to Show Cause"), scheduling a hearing (the "Hearing") to

consider his request for entry of a preliminary injunction directing the Debtor and

Marianne Nestor Cassini ("Marianne" and, together with the Debtor, the "Defendants")

jointly and severally to immediately vacate, surrender and turn over possession of the

house and real property located at 15 East 63rd Street, New York, New York 10065 (the

"Townhouse") to the Trustee, and, (II) at the conclusion of the Hearing, entry of an

order substantially in the form annexed hereto as **Exhibit B** (the "Granting Order").  In

support of this Motion, Plaintiff relies upon the declaration of Neil Berger, Esq., a copy

of which is annexed hereto as **Exhibit C** (the "Berger Declaration").

In further support of the Motion, Plaintiff, by and through his

undersigned counsel, respectfully states:

## **PRELIMINARY STATEMENT**[1]

Immediate relief is needed because the Court-ordered sale of the

Townhouse is being impeded by Defendants' refusal to comply with the Trustee's

requests that they provide him access to, and possession of, the Townhouse.

---

[1]   Capitalized terms used but not defined in this section shall have the meaning ascribed to them in subsequent sections of this Motion.

The Debtor is the sole owner of the Townhouse. The Trustee has been advised that neither the Debtor nor Marianne reside in the Townhouse, and that the Debtor resides in a residence that she purchased in Connecticut.

The Debtor sought and obtained the Sales Procedure Order for the sale of the Townhouse, and she thereafter filed the Plan that provides for the sale of the Townhouse.

On January 31, 2024, Marianne filed an *Admission of Service* in this Court and stated: "I acknowledge that I have no ownership interest in the premises located at 15 East 63th [sic] Street, New York . [sic] NY. 10065. Peggy Nestor is sole owner of 15 East 63rd Street." Adv. Pro. No. 23-01195 (MEW), Docket No. 10.

Moreover, the Court has entered orders directing that the Townhouse be marketed and sold. However, prior to the Trustee's appointment, little, if any, progress was made toward a sale of the Townhouse. To the contrary, despite orders of this Court, Defendants repeatedly impeded efforts by Sotheby's, the Court-appointed real estate broker for the Townhouse, to market the Townhouse. Defendants' improper conduct has continued after the Trustee's appointment: they have failed and refused to comply with his repeated requests for access to and possession of the Townhouse.

Defendants' conduct is impairing the value of the most significant asset of the Estate and putting it at risk because insurance covering the Townhouse will soon expire and there are no funds in the Estate to pay the other carrying costs of the Townhouse. Amounts due to the holders of allowed secured claims, unpaid real estate taxes and utility bills continue to accrue, and the Debtor's monthly income is insufficient to satisfy those expenses. It is reasonable to anticipate that absent progress toward a sale, secured creditors will seek relief from the automatic stay, which could

result in a forced sale of the Townhouse that would injure creditors and other Estate
stakeholders.

Moreover, although Marianne has no interest in the Townhouse, she
appears to be influencing the Debtor's conduct regarding the Townhouse. Marianne
has told the Trustee that she can access the Townhouse, but she refuses to assist him in
gaining possession of it. Consequently, the Trustee requests that the relief sought
herein also apply to Marianne.

The Trustee seeks entry of an order directing the Debtor to comply with
her duties as the Debtor pursuant to Bankruptcy Code sections 521(a)(3) and (4),
requiring her to cooperate with the Trustee, and turn over possession of the Townhouse
to him, and directing Marianne to do the same pursuant to section 542(a) of the
Bankruptcy Code, to the extent that she is exercising control of the Townhouse. Absent
such relief, the Trustee cannot conduct the sale of the Townhouse that has been ordered
by this Court.

Based upon the foregoing, and what is explained below, the Trustee
respectfully requests: entry of the Order to Show Cause scheduling a hearing on
shortened notice to consider entry of the Granting Order directing Defendants to
immediately vacate, surrender and turn over possession and control of the Townhouse
to him.

The status quo is untenable, and, if allowed to continue, will cause
irreparable harm to the Estate. Immediate relief from the Court is needed.

## JURISDICTION AND VENUE

1.      This Court has jurisdiction over the Motion pursuant to
28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.
The Motion is a core proceeding pursuant to 28 U.S.C. § 157(b).

2.      The statutory predicates for the relief requested herein are sections 105, 521, 541, and 542 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 7001 and 7065 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 9006 and 9077-1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Rules").

3.      The Trustee has filed a complaint (the "Complaint") in the above-captioned adversary proceeding for the relief described below.  A copy of the Complaint is annexed hereto as **Exhibit D**.

## BACKGROUND

I.      **The Chapter 11 Case**

4.      On April 25, 2023 (the "Petition Date"), the Debtor commenced this Chapter 11 Case by filing a voluntary petition for relief under Chapter 11 of the Bankruptcy Code in this Court.

5.      On May 12, 2023, the Debtor filed her Schedules of Assets and Liabilities and Statement of Financial Affairs [Docket No. 21] (the "Schedules"), which the Debtor amended on June 27, 2023 [Docket No. 38].

6.      On May 16, 2023, the Court entered the *Order Establishing Deadline for Filing Proofs of Claim and Approving the Form and Manner of Notice Thereof* [Docket No. 25], which established July 11, 2023, as the general bar date, and October 23, 2023, as the governmental bar date.

7.      On August 23, 2023, the Debtor filed her *Chapter 11 Plan of Reorganization of the Debtor* (the "Plan") [Docket No. 62] and *Disclosure Statement for Chapter 11 Plan of Reorganization Proposed by the Debtor* (the "Disclosure Statement") [Docket No. 63].  The Plan provides for, among other things, the sale of the Townhouse.

5

Plan § 5.1.  The Disclosure Statement was never approved by the Court and the Plan was neither solicited nor confirmed.

8.      On February 21, 2024, Lynx Asset Services, LLC filed its *Motion for the Appointment of a Chapter 11 Trustee*, which was joined by other parties (together, the "Motion to Appoint Trustee") [Docket Nos. 95, 98, 102].

9.      On March 13, 2024, the Court entered its *Decision Granting Motion for the Appointment of a Chapter 11 Trustee* (the "Decision") [Docket No. 106].  In the Decision, the Court found, in pertinent part, that the Trustee would be "in charge" of the sale of the Townhouse:

> The sale of the Townhouse also has not been proceeding in accordance with the schedule that I approved in December.  It is in the interest of creditors generally that an independent third party be put in charge of this estate and take over primary responsibility for the sale of the Townhouse, the management of the Debtor's assets, the approval of expenditures, the conduct of settlement discussions, and the confirmation of a plan.

Decision, at 9-10.

10.     On March 13, 2024, the Court entered the *Order Granting Motion for Appointment of Chapter 11 Trustee* [Docket No. 107].

11.     On March 22, 2024, the Court entered the *Order Approving the Appointment of Chapter 11 Trustee* [Docket No. 112], pursuant to which Plaintiff was appointed as the Trustee in the Chapter 11 Case.  The Trustee has since duly qualified and is acting as the Chapter 11 Trustee of the Debtor's Estate [Docket No. 114].

## II.    The Townhouse

12.     In or around 1984, the Debtor and Marianne, the Debtor's sister, jointly purchased the Townhouse.  Adv. Pro. 23-01195 (MEW), Docket No. 1 at ¶ 14.

13.     During January 2018, Marianne conveyed her interest in the Townhouse to the Debtor.  A copy of the Quit Claim deed that Marianne delivered to the Debtor is annexed hereto as **Exhibit E**.

14.     On January 31, 2024, Marianne filed an *Admission of Service* in this Court and, under the penalties of perjury, stated:  "I acknowledge that I have no ownership interest in the premises located at 15 East 63[th] [sic] Street, New York . [sic] NY. 10065.  Peggy Nestor is the sole owner of 15 East 63rd."  Adv. Pro. No. 23-01195 (MEW), Docket No. 10.

15.     Previously, the Debtor maintained a residence in the Townhouse, but the Trustee has been advised that she now lives in a Norwalk, Connecticut residence that she purchased prior to the Petition Date.  *See* Berger Decl. ¶ 5; Am. Schedules, Statement of Financial Affairs, Part 7, Question 18;  Docket Nos. 38, 63.

16.     The Townhouse has been listed for sale by Sotheby's International Realty ("Sotheby's") for $65 million.[2]

17.     The Debtor's monthly operating reports reflect that she does not have sufficient cash on hand or income to maintain all of the costs and expenses associated with the Townhouse. *See* Docket Nos. 84, 93.  She also represented that she intended to market and sell the Townhouse during this Chapter 11 Case, but she has failed to allow that to happen.  *See* Docket Nos. 62, 106.

18.     The Schedules indicate that valuable works of art and other personal property of value are in the Townhouse.  *See* Am. Schedules, Schedule A/B.

---

[2]     *See* Sotheby's listing of Townhouse, https://www.sothebysrealty.com/eng/sales/detail/180-l-1182-dyfedy/15-east-63rd-street-lenox-hill-new-york-ny-10065 (last accessed April 6, 2024).

### III.  Liens Against the Townhouse and the Foreclosure Sale

#### A.  The Emigrant Mortgage

19.     On or about August 30, 2010, the Debtor executed the Mortgage and Adjustable Rate Note (the "Emigrant Mortgage") in favor of Emigrant Bank, as successor by merger with Emigrant Savings Bank-Manhattan ("Emigrant Bank"), in the amount of $4 million.  The Emigrant Mortgage is secured by a lien recorded against the Townhouse.

20.     Emigrant Bank filed Proof of Claim No. 5 in this Chapter 11 Case seeking secured status for its claim in the amount of $3,559,407.76 on account of the Emigrant Mortgage.  *See* Proof of Claim No. 5-1.

#### B.  The Lynx Mortgage

21.     Prior to the Petition Date, Defendants owned and operated Gemeaux Ltd. ("Gemeaux"), which is a business primarily engaged in the licensing and promoting of products related to Oleg Cassini.  Docket No. 91, at 2;  Adv. Pro. No. 23-01195 (MEW), Docket No. 1, ¶ 19.

22.     On or about January 25, 2017, Gemeaux executed an Amended, Restated and Consolidated Promissory Note (the "Lynx Mortgage") in favor of Lynx Asset Services, LLC ("Lynx") in the amount of $9.5 million.  Defendants guaranteed Gemeaux's obligations under the Lynx Mortgage.  The Lynx Mortgage is secured by a lien recorded against the Townhouse.

23.     Lynx filed Proof of Claim No. 10 in this Chapter 11 Case seeking secured status for its claim of $19,267,266.90 on account of the Lynx Mortgage. *See* Proof of Claim No. 10-1.

24.     The Lynx Mortgage was in default on the Petition Date.

### C.    The Prime Plus Mortgage

25.    On or about January 23, 2018, Defendants and Gemeaux executed a Promissory Note and Mortgage (the "First Prime Plus Mortgage") in favor of Prime Plus, LLC ("Prime Plus") in the amount of $1.3 million.  The First Prime Plus Mortgage is secured by a lien recorded against the Townhouse.

26.    Prime Plus filed Proof of Claim No. 7 in this Chapter 11 Case seeking secured status for its claim of $2,311,454.12 on account of the First Prime Plus Mortgage.  *See* Proof of Claim No. 7-1.

27.    On or about November 16, 2018, Defendants and Gemeaux executed a Promissory Note and Mortgage (the "Second Prime Plus Mortgage" and, together with the First Prime Plus Mortgage, the "Prime Plus Mortgages") in favor of Prime Plus in the amount of $1 million.  The Second Prime Plus Mortgage is secured by a lien recorded against the Townhouse.

28.    Prime Plus filed Proof of Claim No. 8 in this Chapter 11 Case seeking secured status for its claim of $1,699,131.90 on account of the Second Prime Plus Mortgage.  *See* Proof of Claim No. 8-1.

### D.    Pre-Judgment Liens Against the Townhouse

29.    Marianne, who never resided in the Townhouse, is the widow of Oleg Cassini, the famous fashion designer.  Adv. Pro. 23-01195 (MEW), Docket No. 1 at ¶¶ 13, 20.

30.    The Townhouse is also subject to pre-judgment and judgment liens pursuant to orders entered by the Surrogate's Court of the State of New York, Nassau County and the Supreme Court of the State of New York, County of Kings, against Marianne and the Debtor.  *See* Proofs of Claim Nos. 9-2, 11-1, and 12-1.  The Trustee has not yet determined whether those are valid or enforceable liens against the Townhouse.

9

E.    **The Foreclosure Sale**

31.    On or around May 1, 2018, Defendants defaulted on their

obligations as guarantors of the Lynx Mortgage.

32.    On or around May 22, 2019, Lynx notified Defendants that Lynx

accelerated the Lynx Mortgage and declared the entire amount thereof immediately due

and payable.

33.    On or around June 14, 2019, Lynx commenced a foreclosure action

in the Supreme Court of the State of New York, New York County (Index No.

85019/2019) (the "State Foreclosure Action") seeking to foreclose its lien against the

Townhouse.

34.    In or around November 2019, Defendants and Lynx entered into a

forbearance agreement concerning the accelerated Lynx Mortgage (the "Lynx

Forbearance Agreement").

35.    Following Defendants' default under the Forbearance Agreement,

Lynx resumed the State Foreclosure Action, obtained an Amended Judgment of

Foreclosure and Sale on October 12, 2022, and a referee's sale of the Townhouse was

scheduled for April 26, 2023 (the "Foreclosure Sale"), one day after the Petition Date.

36.    On July 14, 2024, Lynx filed a motion for an order modifying the

automatic stay and authorizing it to complete the Foreclosure Sale [Docket No. 47].

However, Lynx withdrew that motion on January 24, 2024 because the Debtor agreed to

seek a prompt sale of the Townhouse [Docket No. 86].

IV.    **The Sale Process in this Court**

37.    On December 12, 2023, the Court entered an order [Docket No. 77]

approving the Debtor's retention of Sotheby's as the exclusive real estate broker to

market and sell the Townhouse.

38.     On December 15, 2023, the Court entered an order [Docket No. 78] (the "Sale Procedures Order") that granted the Debtor's motion [Docket No. 74] for approval of sale procedures in connection with the marketing and sale of the Townhouse.  Pursuant to the Sale Procedures Order, a sale hearing to approve the sale of the Townhouse was scheduled for July 9, 2024.  Sale Procedures Order ¶ 7.

39.     On November 1, 2023, the Debtor commenced Adversary Proceeding No. 23-01195 (MEW) in this Court against Marianne and others (the "Declaratory Judgment Action") seeking:  (i) a declaration that the Debtor is the sole owner of the Townhouse;  and (ii) authority to sell the Townhouse pursuant to section 363(h) of the Bankruptcy Code.  Marianne confirmed in writing to this Court that she has no ownership interest in the Townhouse [Adv. Pro. No. 23-01195, Docket No. 10].

40.     On March 13, 2024, the Court entered an order in the Declaratory Judgment Action [Adv. Pro. No. 23-01195, Docket No. 18] (the "March 13 Order"), and ordered:

> **ORDERED**, pursuant to section 363(h), that the Townhouse be sold pursuant to the sale procedures previously approved by this Court;  and it is further
>
> **ORDERED**, that the proceeds of such sale shall be distributed to secured creditors or to other parties in accordance with their respective rights and interests, as such rights and interest are determined by the Court in the course of further proceedings in this adversary proceeding and in the underlying chapter 11 case;  and it is further
>
> **ORDERED**, that the proceeds of sale of the Townhouse shall be segregated and not paid to any persons except as ordered by the Court.

March 13 Order, at 3.

41.     Since his appointment, Defendants have failed and refused to comply with Plaintiff's requests for access to and assistance regarding the sale of the Townhouse pursuant to the March 13 Order.  *See* Berger Decl. ¶ 4.

42.     Indeed, on April 5, 2024, Sotheby's received a request to show the Townhouse on April 10, 2024, but it cannot do so because neither it nor the Trustee has access to the Townhouse.  *See id.* ¶ 7.

## V.    Plaintiff Must Recover Possession and Control of the Townhouse to Sell it and Avoid Any Further Harm

43.     The Debtor's failure to comply with the Sale Procedures Order and the March 13 Order, and Marianne's conduct impeding such compliance, has harmed the Debtor's Estate, and that harm will only worsen absent the relief sought herein.

44.     Defendants' failure to turn over possession of the Townhouse to Plaintiff is impeding the sale of the Townhouse that this Court ordered be done.

45.     Although the value of the Townhouse may exceed the amount of the claims that have been asserted to be secured by liens recorded against it, interest continues to accrue on account of secured claims, including at default rates, and real estate taxes[3] and utility charges continue to go unpaid.  An expiration of insurance coverage for the Townhouse is coming in the near term and there presently is not any discernable cash on hand in the Estate to renew that insurance.  *See id.* ¶ 8.

46.     Consequently, Plaintiff must be given possession and control of the Townhouse so that he can promptly sell it.

---

[3]    A lien search of the Townhouse that was obtained by the Trustee disclosed that unpaid real estate taxes exceed $443,000.  *See* Berger Decl. ¶ 9.

## RELIEF REQUESTED

47.    By this Motion, Plaintiff seeks the Order to Show Cause, substantially in the form annexed hereto as **Exhibit A**, scheduling a prompt hearing to consider his request for a preliminary injunction directing the Defendants to immediately vacate, surrender and turn over possession of the Townhouse to Plaintiff, and, at the conclusion of the Hearing, entry of the Granting Order, substantially in the form annexed hereto as **Exhibit B**, granting the relief sought by the Trustee.

## BASIS FOR RELIEF

48.    The Chapter 11 Case was commenced one day before the Foreclosure Sale to stay the sale of the Townhouse.  The Debtor later agreed to sell it, but failed to do so, resulting in the Trustee's appointment.  Now, the Debtor and Marianne are impeding the Trustee's efforts to implement the March 13 Order directing the sale of the Townhouse.  Immediate relief is necessary to enjoin the Defendants from continuing to improperly exercise possession and control of the Townhouse in violation of the Bankruptcy Code, and to stem the irreparable harm that such conduct has, and will continue, to cause.  *See Wisdom Imp. Sales Co. v. Labatt Brewing Co.*, 339 F.3d 101, 108 (2d Cir. 2003) (citation and quotations omitted);  *Adelphia Commc'ns Corp. v. Am. Channel LLC (In re Adelphia Commc'ns Corp.)*, No. 02-41729 (REG), 2006 WL 1529357, at *4 (Bankr. S.D.N.Y. June 5, 2006).

**I.    Plaintiff Will Succeed on the Merits**

**A.    The Debtor is Statutorily Obligated to
Turn Over the Townhouse to Plaintiff**

49.    The Debtor is statutorily obligated to cooperate with the Trustee and to turn over possession of the Townhouse to the Trustee.

50.     Section 521(a)(3) of the Bankruptcy Code provides:  "[t]he Debtor shall . . . cooperate with the trustee as necessary to enable the trustee to perform the trustee's duties under this title."  11 U.S.C. § 521(a)(3).

51.     Moreover, Bankruptcy Code section 521(a)(4) provides that debtors are required to surrender property of the estate to a trustee:

> (a)     The debtor *shall*—
>
> (4) if a trustee is serving in the case or an auditor is serving under section 586(f) of title 28, surrender to the trustee all property of the estate and any recorded information, including books, documents, records, and papers, relating to property of the estate, whether or not immunity is granted under section 344 of this title; . . .

11 U.S.C. § 521(a)(4) (emphasis added).

### B.     The Trustee is Entitled to Possession of the Townhouse

52.     In turn, section 542(a) of the Bankruptcy Code provides that persons or entities in possession, custody, or control of estate property "*shall* deliver to the trustee, and account for, such property or the value of such property, unless such property is of inconsequential value or benefit to the estate."  11 U.S.C. § 542(a) (emphasis added).

53.     Courts have interpreted the term "shall" in section 542(a) of the Bankruptcy Code to require turnover of applicable estate property, even prior to the trustee obtaining a court order compelling turnover.  *See, e.g.*, *Metromedia Fiber Network Servs. v. Lexent, Inc.* (*In re Metromedia Fiber Network, Inc.*), 290 B.R. 487 (Bankr. S.D.N.Y. 2003) ("The statute on its face is clear and unambiguous, and it mandates that a party holding property of the debtor's estate 'shall' deliver the property to the debtor or trustee."); *see also Weber v. SEFCU (In re Weber)*, 719 F.3d 72, 79 (2d Cir. 2013) ("Section 542 requires that any entity in possession of property of the estate deliver it to the

trustees, without condition or any further action: the provision is 'self-executing'");

*Transouth Fin. Corp. v. Sharon*, 234 B.R. 676, 683 (B.A.P. 6th Cir. 1999) (Section 542

"provides that an entity in possession of estate property 'shall' deliver such property to

the trustee. This is a mandatory duty arising upon the filing of the bankruptcy

petition."); *Knaus v. Concordia Lumber Co.*, 889 F.2d 773, 775 (8th Cir. 1989) ("The duty to

turn over the property is not contingent upon any predicate violation of the stay, any

order of the bankruptcy court . . . Rather, the duty arises upon the filing of the

bankruptcy petition.").

54.    Courts have identified the three necessary elements to compel the

turnover of property: "(1) the property is in the possession, custody or control of

another entity; (2) the property can be used in accordance with the provisions of [11

U.S.C. §] 363; and (3) the property has more than inconsequential value to the debtor's

estate." *Kramer v. Mahia* (*In re Khan*), No. 10-46901-ESS, 2014 WL 10474969, at *26

(E.D.N.Y. Dec. 24, 2014) (quoting *Zazzali v. Minert* (*In re DBSI, Inc.*), 468 B.R. 663, 669

(Bankr. D. Del. 2011)). Each of these elements are present regarding the Townhouse.

### i.    Defendants are Improperly Exercising Possession and Control of the Townhouse

55.    As set forth above and in the Berger Declaration, Defendants are

improperly exercising possession and control of the Townhouse, and they have failed

and refused to turn over possession of it despite the Trustee's repeated demands and

their statutory obligations to do so.

### ii.    The Townhouse Must be Sold Pursuant to Section 363 of the Bankruptcy Code and the March 13 Order

56.    The Court entered the March 13 Order and directed that the

Townhouse be sold pursuant to Bankruptcy Code section 363(h).

57.     Moreover, the Decision directs that the Trustee "take over primary responsibility for the sale of the Townhouse, the management of the Debtor's assets . . . [the Debtor] will no longer be in charge."  Decision, at 9-10.

### iii.    The Townhouse has Consequential Value

58.     The Townhouse has very consequential value and it has been listed by Sotheby's for sale at $65 million consistent with the Court's Sale Procedures Order.

59.     The foregoing demonstrates that the Debtor, as well as Marianne (to the extent that she is exercising possession or control of the Townhouse), are both statutorily required to immediately turn over possession and control of the property to the Trustee pursuant to Bankruptcy Code section 542(a).

60.     The Trustee respectfully submits that given the mandatory provisions of Bankruptcy Code sections 521 and 542 and the case law cited above, this Court need not examine any balance of harms analysis in connection with the relief requested herein.

61.     However, even if such an analysis were considered, it is abundantly clear that neither of the Defendants will suffer harm by entry of the Granting Order:  the Debtor agreed months ago to sell the Townhouse, and Marianne has represented to the Court in writing that she has no interest in the Townhouse.

62.     Finally, pursuant to section 105(a) of the Bankruptcy Code, "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. . . . [and] to enforce or implement court orders . . . ." 11 U.S.C § 105(a).

63.     The Trustee respectfully submits that granting the relief sought herein is a proper exercise of this Court's inherent and statutory authority to enforce and implement its prior orders in the Chapter 11 Case.

## II.    Immediate Relief is Needed to Enjoin Defendants' Improper Conduct

64.    The Trustee respectfully submits that the record of the Chapter 11 Case and the foregoing also demonstrate sufficient cause for the Court to grant the relief requested at the conclusion of the Hearing pursuant to Rule 65(a)(2) of the Federal Rules of Civil Procedure ("FRCP").[4]  *See* Fed. R. Bankr. P. 9006(c)(1);  *D.L. Cromwell Invs., Inc. v. NASD Regulation, Inc.*, 279 F.3d 155, 161 (2d Cir. 2002) (holding "that the district court properly consolidated the preliminary injunction hearing with a trial on the merits").

65.    The record in this Chapter 11 Case demonstrates that:  (a) each of the Defendants are subject to self-effectuating statutory obligations to immediately turn over possession of the Townhouse to the Trustee, but have failed and refused to so do; and that (b) absent the relief sought herein, they will continue to violate their obligations and impede the Trustee's ability to sell the Townhouse pursuant to the March 13 Order.

## III.    An Order to Show Cause Is Warranted Under the Circumstances

66.    Bankruptcy Rule 9006(c)(1) and Local Rule 9006-1(b) authorize the Court to reduce the notice period required for a hearing.  Local Rule 9077-1(a)  provides that an order to show cause may be granted "upon a clear and specific showing by affidavit of good and sufficient reasons why proceeding other than by notice of motion

---

[4]    FRCP 65(a)(2)  provides:

(2) *Consolidating the Hearing with the Trial on the Merits.* Before or after beginning the hearing on a motion for a preliminary injunction, the court may advance the trial on the merits and consolidate it with the hearing. Even when consolidation is not ordered, evidence that is received on the motion and that would be admissible at trial becomes part of the trial record and need not be repeated at trial. But the court must preserve any party's right to a jury trial.

FRCP 65(a)(2).  The Trustee submits that no trial by a jury is necessary for the grant of the relief sought herein on a final basis at the conclusion of the Hearing.

is necessary." For the reasons explained above and in the Berger Declaration, proceeding by order to show cause on shortened notice is necessary to remedy the harm that Defendants' continued possession and control of the Townhouse causes to the Estate, and to prevent their interference with the efficient administration of the Estate.

67.    Moreover, Bankruptcy Rule 9006(c)(1) authorizes the Court to shorten the time within which a defendant may respond to a complaint for cause shown. *See, e.g., Norwood v. Crabtree (In re Crabtree)*, 37 B.R. 426, 427 (Bankr. E.D. Tenn. 1984) ("Upon the trustee's application and pursuant to Bankruptcy Rules 7012(a) and 9006(c), the court entered an order shortening the time within which to respond to the complaint."). Here, for the reasons set forth above, cause exists to reduce (a) the time within which Defendants may file a response to the Complaint from thirty (30) days to seven (7) days, and (b) the time within which they may respond to this Motion from fourteen (14) days to seven (7) days. Doing so will provide the Court and the Trustee with Defendants' responses before the Hearing to consider the Motion.

## IV.    The Trustee Is Excused from Posting Any Bond

68.    Bankruptcy Rule 7065 provides that "a temporary restraining order or preliminary injunction may be issued on application of a . . . trustee . . . without compliance with Rule 65(c)." Fed. R. Bankr. P. 7065.

69.    The Trustee respectfully submits that ample cause exists to dispense with any requirement that the Trustee post any bond in connection with the Motion.[5]

---

[5]    Moreover, there is presently no discernable non-exempt cash in this Estate. *See* Berger Decl. ¶ 10.

## NOTICE

70.     Notice of this Motion, the Complaint, and the Order to Show Cause will be served upon:  (i) the United States Trustee;  (ii) the Debtor, by her attorneys;  (iii) Marianne Nestor Cassini;  (iv) all parties who have filed a Notice of Appearance in this Chapter 11 Case;  (v) each claimant who has filed a proof of claim in the Chapter 11 Case;  and (vi) such other parties that the Court may direct.  Plaintiff respectfully submits that under the relevant circumstances, no other or further notice need be given.

## NO PRIOR REQUEST

71.     Apart from the Complaint, no prior request for the relief requested herein has been made to this or any other Court by the Trustee.

## CONCLUSION

**WHEREFORE**, Plaintiff respectfully requests that this Court to (i) enter the Order to Show Cause, substantially in the form annexed hereto as **Exhibit A**, scheduling the Hearing to consider the Trustee's request for entry of a preliminary injunction directing the Defendants to immediately vacate, surrender, and turn over possession of the Townhouse to him, and, (ii) at the conclusion of the Hearing, to enter the Granting Order, substantially in the form annexed hereto as **Exhibit B**.

DATED:  April 10, 2024
New York, New York

ALBERT TOGUT, not individually but solely in his capacity as Chapter 11 Trustee, By His Proposed Attorneys, TOGUT, SEGAL & SEGAL LLP By:

*/s/ Brian F. Shaughnessy*
NEIL BERGER
BRIAN F. SHAUGHNESSY
MARTHA E. MARTIR
JOHN C. GALLEGO
One Penn Plaza
New York, New York 10119
(212) 594-5000

## Exhibit A

**Order to Show Cause**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------- x
                                                                     :
In re:                                                               :   Chapter 11
                                                                     :
PEGGY NESTOR,                                                        :   Case No. 23-10627 (MEW)
                                                                     :
                                        Debtor.                      :
                                                                     :
-------------------------------------------------------------------- x
ALBERT TOGUT, Not Individually But Solely in                         :
His Capacity as Chapter 11 Trustee,                                  :
                                                                     :
                                        Plaintiff,                   :   Adv. Pro. No. 24-01342 (MEW)
                                                                     :
                    v.                                               :
                                                                     :
PEGGY NESTOR and                                                     :
MARIANNE NESTOR CASSINI,                                             :
                                                                     :
                                        Defendants.                  x
-------------------------------------------------------------- 

### ORDER TO SHOW CAUSE

Upon the application (the "Motion")[1] of Albert Togut, not individually, but solely in his capacity as Chapter 11 Trustee in the above-captioned case and the plaintiff in the above-captioned adversary proceeding (the "Trustee" or "Plaintiff"), by his attorneys, Togut, Segal & Segal LLP, and upon the annexed declaration of Neil Berger in support of the Motion (the "Berger Declaration") filed in accordance with Local Rule 9077-1(a);  and upon consideration of the Motion and the Berger Declaration attesting to the necessity for relief by order to show cause;  and it appearing that an order to show cause issuing a preliminary injunction and setting a hearing date to consider the relief in the Motion on shortened notice and establishing the method of notice thereof is necessary and in the best interests of this Estate;  and it appearing that

---

[1]   Capitalized terms not otherwise defined herein shall have the meaning ascribed to such term in the Motion.

no further notice of this order (the "Order to Show Cause") need be given;  after due deliberation and sufficient cause appearing thereof, it is hereby

ORDERED, that the above-captioned defendants (the "Defendants") show cause before the Honorable Michael E. Wiles, United States Bankruptcy Judge of the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004-1408, in Room 617, on April [___], 2024 at [   ]:[   ] [ ].m. (prevailing Eastern Time) or as soon as counsel may be heard (the "Hearing"), why an order should not be entered directing Defendants to surrender and turn over possession of the townhouse located at 15 East 63rd Street, New York, New York 10065 (the "Townhouse") to the Trustee pursuant to Bankruptcy Code sections 521 and 542; and it is further

ORDERED, that the Hearing shall take place via Zoom for Government, and those who wish to appear before the Court at the Hearing must register for appearances utilizing the Electronic Appearance portal located at the Court's website: https://ecf.nysb.uscourts.gov/cgi-bin/nysbAppearances.pl.  Appearances must be entered no later than April [___], 2024, at 4:00 p.m. (prevailing Eastern Time); and it is further

ORDERED, that notwithstanding anything contained in the summons(es) issued by the Clerk of the Court in the Adversary Proceeding, to be timely, Defendants must answer or otherwise respond to Plaintiff's Complaint on or before April [___], 2024; and it is further

ORDERED, that objections, if any, and responses to the relief sought in the Motion must be made in writing, shall conform to the Federal Rules of Bankruptcy Procedures and the Local Rules of this Court, shall set forth the name of the objector and the legal and factual grounds for the objection, and shall be filed with the Court,

with a courtesy copy delivered directly to Bankruptcy Judge Wiles' Chambers and
served upon:  (i) Togut, Segal & Segal LLP, proposed counsel to the Trustee, One Penn
Plaza, Suite 3335, New York, New York 10119, Attn: Neil Berger, Esq.
(neilberger@teamtogut.com) and Brian F. Shaughnessy, Esq.
(bshaughnessy@teamtogut.com);  (ii) counsel to the Debtor, Penachio Malara LLP, 245
Main Street, Suite 450, White Plains, New York, New York 10601, Attn: Anne Penachio,
Esq. (anne@pmlawllp.com);  (iii) Marianne Nestor Cassini, at P.O. Box 2728, Radio City
Station, New York, New York 10019, (Mariannenestor1@gmail.com);  and (iv) the
United States Trustee for the Southern District of New York, One Bowling Green, Suite
534, New York, New York, Attn: Daniel Rudewicz, Esq. (Daniel.Rudewicz@usdoj.gov),
so as to be actually received by no later than April __, 2024 at 4:00 p.m. (prevailing
Eastern Time) (the "Objection Deadline");  and it is further

  **ORDERED**, that if an objection to the Motion is not received on or before
the Objection Deadline, the relief requested in the Motion shall be deemed unopposed,
and the Court may enter an order granting the relief sought by Plaintiff and cancel the
Hearing;  and it is further

  **ORDERED**, that objecting parties are required to attend the Hearing, and
failure to appear may result in relief being granted or denied upon default;  and it is
further

  **ORDERED**, that notice of this Order to Show Case and the Motion shall
be given by the Trustee by serving copies of the Complaint, the Motion, the Berger
Declaration, and this Order to Show Cause by either overnight mail, hand delivery, or
electronic transmission no later than one (1) business day after entry of this Order to
Show Cause to:  (a) the Debtor, by her attorneys;  (b) Marianne Nestor Cassini;  (c) the

United States Trustee;  and (d) all parties that have filed a Notice of Appearance in the

Chapter 11 Case.

Dated:    New York, New York
          April __, 2024

_____

HONORABLE MICHAEL E. WILES
UNITED STATES BANKRUPTCY JUDGE

**<u>Exhibit B</u>**

**Granting Order**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------- x
                                                                     :
In re:                                                               :    Chapter 11
                                                                     :
PEGGY NESTOR,                                                        :    Case No. 23-10627 (MEW)
                                                                     :
                                              Debtor.                :
                                                                     :
-------------------------------------------------------------------- x
ALBERT TOGUT, Not Individually But Solely in                         :
His Capacity as Chapter 11 Trustee,                                  :
                                                                     :
                                              Plaintiff,             :    Adv. Pro. No. 24-01342 (MEW)
                                                                     :
                     v.                                              :
                                                                     :
PEGGY NESTOR and                                                     :
MARIANNE NESTOR CASSINI,                                             :
                                                                     :
                                              Defendants.            :
-------------------------------------------------------------------- x

## ORDER COMPELLING THE DEFENDANTS TO TURN
## OVER POSSESSION OF TOWNHOUSE TO TRUSTEE

Upon application (the "Motion")[1] of Albert Togut, not individually, but

solely in his capacity as Chapter 1 trustee (the "Trustee") and the Plaintiff herein for an

order to show cause (the "Order to Show Cause"), *inter alia*, scheduling a hearing to

consider the Motion on shortened notice and for entry of an order at the hearing

directing the above-captioned defendants (the "Defendants") jointly and severally to

immediately surrender and turn over possession of the house and real property located

at 15 East 63rd Street, New York, New York 10065 (the "Townhouse") to Plaintiff; and

upon the declaration of Neil Berger (the "Berger Declaration"), **Exhibit B**; submitted in

support of the Motion and the Court having entered its Order to Show Cause [Adv.

---

[1]    Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the
Motion.

Pro. Docket No. [__]], dated April [__], 2024, which scheduled a hearing to be

conducted on April [__], 2024 (the "Hearing") to consider the Motion; and it appearing

that good and sufficient notice of the Hearing, the Motion, and the Order to Show

Cause having been given by the Trustee; and no additional notice of the Order to Show

Cause and the Motion being necessary or required; and the Court having considered

the Motion and any objections and responses filed in response to it; and the Court

having heard the Trustee, by his attorneys, Defendants, and other parties in attendance

during the Hearing, the record of which is incorporated herein; and upon all of the

prior pleadings and proceedings herein; and the Court having jurisdiction to consider

the Motion; and the relief requested therein being a core proceeding to 28 U.S.C.

§ 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and

1409; and the Court having found that the access to, and possession of, the Townhouse

sought by the Trustee in the Motion is necessary and warranted and satisfies the

applicable standards under the Bankruptcy Code and the Federal Rules of Bankruptcy

Procedure and is necessary to implement and enforce this Court's prior orders; and

after due deliberation thereon, and for the reasons stated by the Court during the

Hearing; it is now, hereby

ORDERED, that the Motion is granted to the extent set forth herein; and

it is further

ORDERED, that Defendants jointly and severally are directed to provide

access to, and enable possession of, the Townhouse to Plaintiff, to enable Sotheby's and

such other persons as may be designated and authorized by the Trustee to enter the

Townhouse for any purpose needed by the Trustee including, but not limited to,

permitting Sotheby's to stage and photograph the Townhouse, within forty-eight (48)

hours after Defendants are served with a copy of this Order; and it is further

**ORDERED**, that Defendants jointly and severally are directed to turn over to the Trustee a set of keys for complete access to the Townhouse within forty-eight (48) hours after the entry of this Order, *provided, that*, upon gaining access to and possession of the Townhouse, the Trustee may utilize a locksmith to change the locks and all codes for alarms at the Townhouse;  and it is further

**ORDERED**, upon gaining access to, and possession of, the Townhouse, the Townhouse shall be in the sole custody and control of the Trustee, and Defendants or their agents shall only be able to access the Townhouse upon the Trustee's prior written consent and for no longer than two (2) hours at a time and not more than twice per week, or pursuant to an order of this Court obtained by written application with notice and an opportunity to be heard;  and it is further

**ORDERED**, that if Defendants do not timely comply with the obligations set forth in this Order, the Trustee, his agents, representatives, and professionals shall be authorized to (a) take all necessary steps to gain access to the Townhouse, including, utilizing a locksmith to change and / or break the locks, and (b) utilize the assistance of the U.S. Marshals' Service, Southern District of New York (the "U.S. Marshals Service"), as needed, to take all necessary steps, using whatever force necessary, to facilitate the Trustee's entry into the Townhouse and to remove any occupants found there;  and it is further

**ORDERED**, that any person interfering with the execution of this Order is subject to arrest by the U.S. Marshals Service;  and it is further

**ORDERED**, that the U.S. Marshals Service and its employees shall be held harmless from any and all claims, asserted in any court or tribunal, arising from any acts, incidents, or occurrences in connection with any arrest or seizure and possession of the Townhouse, including any third-party claims;  and it is further

**ORDERED**, that the Trustee shall serve a copy of this Order upon:  (i) the United States Trustee;  (ii) the Debtor, by her attorneys;  (iii) Marianne Nestor Cassini;  (iv) the U.S. Marshals Service;  and (v) all parties who have filed a Notice of Appearance in this Chapter 11 Case;  and it is further

**ORDERED**, that the Trustee and his attorneys are authorized and empowered to do such things, execute such documents, and expend such funds as may be necessary to effectuate the terms and conditions of the Order; and it is further

**ORDERED**, that pursuant to Bankruptcy Rule 7065, the Trustee need not comply with Rule 65(c) of the Federal Rules of Civil Procedure; and it is further

**ORDERED**, that a status conference shall be held before this Court on April [__], 2024 to assess Defendants' compliance with this Order and to consider any further relief sought by the Motion.

Dated:   April [__], 2024
        New York, New York

_____
HONORABLE MICHAEL E. WILES
UNITED STATES BANKRUPTCY JUDGE

**Exhibit C**

**Berger Declaration**

TOGUT, SEGAL & SEGAL LLP
One Penn Plaza, Suite 3335
New York, New York 10119
(212) 594-5000
Neil Berger
Brian F. Shaughnessy
Martha E. Martir
John C. Gallego

*Proposed Attorneys for Albert Togut,*
*Not Individually But Solely in His Capacity as*
*the Chapter 11 Trustee*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------- x
                                                 :

In re:                                     :     Chapter 11
                                                 :

PEGGY NESTOR,                    :     Case No. 23-10627 (MEW)
                                                 :

                        Debtor.          :
                                                 :
-------------------------------------------------------------------- x
ALBERT TOGUT, Not Individually But Solely in   :
His Capacity as Chapter 11 Trustee,
                                                 :

                        Plaintiff,     :     Adv. Pro. No. 24-01342 (MEW)
                                                 :

                        v.                 :

PEGGY NESTOR                   :
and MARIANNE NESTOR CASSINI,      :
                                                 :

                        Defendants.    x
-------------------------------------------------------------------

**DECLARATION OF NEIL BERGER IN SUPPORT OF PLAINTIFF'S APPLICATION
FOR AN ORDER TO SHOW CAUSE SCHEDULING HEARING OF CHAPTER 11
TRUSTEE'S REQUEST FOR ISSUANCE OF PRELIMINARY INJUNCTION
DIRECTING DEFENDANTS TO IMMEDIATELY VACATE, SURRENDER
<u>AND TURN OVER POSSESSION OF NEW YORK CITY TOWNHOUSE</u>**

TO THE HONORABLE MICHAEL E. WILES,
UNITED STATES BANKRUPTCY JUDGE:

I, Neil Berger, a partner of the law firm of Togut, Segal & Segal LLP

(the "Togut Firm"), attorneys for Albert Togut, not individually but solely in his

capacity as Chapter 11 trustee (the "Plaintiff" or the "Trustee") of the estate (the

"Estate") of Peggy Nestor, the debtor in the above-captioned case (the "Debtor"),

pursuant to 28 U.S.C. § 1746, declare the following to be true under penalty of perjury:

1.      I submit this declaration in support of Plaintiff's application for

(a) entry of the Order to Show Cause scheduling a hearing to consider the Plaintiff's

request for entry of a preliminary injunction directing the Defendants to immediately

vacate, surrender and turn over possession of the Townhouse to Plaintiff, and, (b) at the

conclusion of the Hearing, enter the Granting Order (the "Motion").[1]

2.      I have reviewed the Motion.  To the best of my knowledge,

information and belief, all statements in the Motion are true and correct.

3.      Proceeding by order to show cause on shortened notice is necessary

to remedy the harm that Defendants' continued possession and control of the

Townhouse causes to the Estate and to stem their interference with the Trustee's sale of

the Townhouse pursuant to the Sale Procedures Order and the March 13 Order, and

administration of the Estate.

4.      As of the date hereof, the Debtor has failed to provide the Trustee

with access to, or possession of, the Townhouse despite his repeated demands.  Indeed,

Debtor's counsel has advised the Trustee and me that the Debtor has not responded to

her requests for compliance with the Trustee's demands.

---

[1]     Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the
Motion.

2

5.      Debtor's counsel has also advised the Trustee and me that the Debtor is residing in a Norwalk, Connecticut residence that she purchased prior to the Petition Date.  Indeed, the Debtor's monthly operating reports for November 2023 and December 203 have attached Debtor bank account statements that reflect ATM deposits and withdrawals from bank branches located in Norwalk, Westport and Rowayton, Connecticut.  *See* Docket Nos. 84, 93.

6.      Similarly, Marianne has refused to comply with my request on behalf of the Trustee that she surrender her means of access to the Townhouse.

7.      On April 5, 2024, Sotheby's advised me that it received a request to show the Townhouse on April 10, 2024, but it cannot do so because neither it nor the Trustee has access to the Townhouse.

8.      The Debtor's disclosed income is insufficient to satisfy all of the expenses of maintaining the Townhouse:  service of principal and interest due to the holders of the Emigrant Mortgage, the Lynx Mortgage, and the Prime Plus Mortgages, real estate taxes, utility charges, and premiums for insurance that will lapse absent renewal in the near term.

9.      A lien search of the Townhouse that was obtained by the Trustee disclosed that unpaid real estate taxes exceed $443,000.

10.      As of the date hereof, there is presently no discernable non-exempt cash in the Estate.

11.      Therefore, immediate relief is necessary to direct Defendants to provide access to the Townhouse to the Trustee so that he can secure it and take steps to promptly market and sell it.

12.    Parties asserting liens against the Townhouse have refrained from pursuing relief from the automatic stay,[2] but it would be imprudent to conclude that a point will not be reached when they will seek such relief to pursue a foreclosure sale, resulting in a forced liquidation of the Townhouse which would be value destructive.[3]

13.    To avoid that harm, Defendants must surrender possession and control of the Townhouse to the Trustee immediately.

14.    Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

DATED:  April 10, 2024
        New York, New York

                                        /s/ Neil Berger
                                        NEIL BERGER

---

[2]   Lynx filed a motion for relief from the automatic stay on July 14, 2023 [Docket No. 47], and withdrew that motion without prejudice on January 24, 2024 so that the Townhouse could be sold pursuant to the Sale Procedures Order [Docket No. 86].

[3]   The Trustee expressly reserves the right to oppose any request for relief from the automatic stay regarding the Townhouse.

**Exhibit D**

**Complaint**

TOGUT, SEGAL & SEGAL LLP
One Penn Plaza, Suite 3335
New York, New York 10119
(212) 594-5000
Neil Berger
Brian F. Shaughnessy
Martha E. Martir
John C. Gallego

*Proposed Attorneys for Albert Togut,*
*Not Individually But Solely in His Capacity as*
*the Chapter 11 Trustee*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- x
                                                                     :
In re:                                                               :    Chapter 11
                                                                     :
PEGGY NESTOR,                                                        :    Case No. 23-10627 (MEW)
                                                                     :
                                       Debtor.                       :
                                                                     :
-------------------------------------------------------------------- x
ALBERT TOGUT, Not Individually But Solely in                        :
His Capacity as Chapter 11 Trustee,                                 :
                                                                     :
                                       Plaintiff,                    :    Adv. Pro. No. 24-_____ (MEW)
                                                                     :
                      v.                                             :
                                                                     :
PEGGY NESTOR and                                                    :
MARIANNE NESTOR CASSINI,                                            :
                                                                     :
                                       Defendants.                   :
-------------------------------------------------------------------- x

## <u>COMPLAINT</u>

Albert Togut, not individually but solely in his capacity as Chapter 11

trustee ("<u>Plaintiff</u>" or the "<u>Trustee</u>") of the estate (the "<u>Estate</u>") of Peggy Nestor (the

"<u>Debtor</u>") in the above-captioned case (the "<u>Chapter 11 Case</u>"), by and through his

attorneys, Togut, Segal & Segal LLP, hereby makes this complaint (the "<u>Complaint</u>")

against the Debtor and Marianne Nestor Cassini ("<u>Marianne</u>" and together with the

Debtor, the "<u>Defendants</u>") for an order directing Defendants, jointly and severally, to

provide Plaintiff and his representatives with immediate access to, and possession of, the Debtor's townhouse located at 15 East 63rd Street, New York, New York 10065 (the "Townhouse"), pursuant to sections 521 and 542 of title 11 of the United States Code (the "Bankruptcy Code"), and alleges upon information and belief:

## SUMMARY OF THE ACTION

1.      The Debtor is the sole owner of the Townhouse.

2.      Plaintiff has been advised that the Debtor resides in a residence in Connecticut that she purchased prior to the Petition Date (defined below).

3.      The Court has ordered that the Townhouse be marketed and sold pursuant to section 363(h) of the Bankruptcy Code.  *See, e.g.*, Docket No. 78;  Adv. Pro. No. 23-01195, Docket No. 18.

4.      Despite those Court orders, after retaining Sotheby's International Realty ("Sotheby's") to find a buyer for the Townhouse, the Debtor has made no progress toward a sale of the Townhouse.  In fact, the Debtor and her sister, Marianne, who once had an interest in the Townhouse, impeded the efforts of Sotheby's to access, market, and sell the Townhouse, including such simple tasks as allowing Sotheby's to photograph the interior of the Townhouse.

5.      The Debtor has refused to provide Plaintiff with any access to, much less possession of, the Townhouse to implement the Court's orders to market and sell the Townhouse.

6.      The Debtor's refusal to cooperate is not only preventing the sale of the Townhouse, but is also jeopardizing the value to be recovered once a sale is consummated.

7.      Plaintiff seeks entry of an order directing Defendants jointly and severally to turn over possession and control of the Townhouse to Plaintiff.

2

8.    The Townhouse appears to be the most valuable asset of the Estate. It should be sold as soon as possible, before its carrying costs significantly diminish its value.

## THE PARTIES

9.    Plaintiff is the Chapter 11 Trustee of the Debtor.

10.    Peggy Nestor is the Debtor and is a natural person.

11.    The Trustee has been advised that the Debtor does not reside at the Townhouse and that she resides at her Connecticut residence.

12.    Marianne Nestor Cassini is the Debtor's sister.  Marianne resides in New York, and has advised that her mailing address is P.O. Box 2278, Radio City Station, New York 10019.

## JURISDICTION AND VENUE

13.    The Court has jurisdiction over this adversary proceeding (the "Adversary Proceeding") pursuant to 28 U.S.C. §§ 157 and 1334 and the United States District Court for the Southern District of New York's *Amended Standing Order of Reference, M-431* dated January 31, 2012, which refers such proceedings to this Court.

14.    The Adversary Proceeding is commenced pursuant to sections 521 and 542 of the Bankruptcy Code, and Rule 7001 of the Federal Rules of Bankruptcy Procedure.

15.    This Adversary Proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (E), (M), and (O) and this Court has jurisdiction to hear and determine this Adversary Proceeding, and to enter final orders and judgments granting the relief sought herein.  In the event that this Court or any other court finds any part of this Adversary Proceeding to be "non-core," this Court has non-core concurrent jurisdiction over this proceeding under 28 U.S.C. § 1334 because the relief sought herein

3

relates to the Chapter 11 Case and will have a material impact on the administration of the Debtor's Estate.

16.    Plaintiff consents to the entry of final orders and judgments by this Court in the Adversary Proceeding pursuant to Bankruptcy Rule 7008. Plaintiff also consents to the entry of final orders or judgments by this Court if it is determined that this Court, absent consent of the parties, cannot enter final orders on judgments consistent with Article III of the United States Constitution.

17.    Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409 because the Adversary Proceeding arises in, and is related to, the Chapter 11 Case.

## FACTUAL ALLEGATIONS

### I.    The Chapter 11 Case

18.    On April 25, 2023 (the "Petition Date"), the Debtor commenced this Chapter 11 Case by filing a voluntary petition in this Court for relief under Chapter 11 of the Bankruptcy Code.

19.    On May 12, 2023, the Debtor filed her Schedules of Assets and Liabilities and Statement of Financial Affairs [Docket No. 21] (the "Schedules"), which the Debtor amended on June 27, 2023 [Docket No. 38].

20.    In the Schedules, the Debtor reported she alone has an interest in the Townhouse.

21.    On August 23, 2021, the Debtor filed her *Chapter 11 Plan of Reorganization of the Debtor* (the "Plan") [Docket No. 62]. The Plan provided for, among other things, the sale of the Townhouse.

22.    On February 21, 2024, Lynx Asset Services, LLC filed its *Motion for the Appointment of a Chapter 11 Trustee*, which was joined by other parties (together, the "Motion to Appoint Trustee") [Docket Nos. 95, 98, 102].

4

23.     On March 13, 2024, the Court entered its *Decision Granting Motion for the Appointment of a Chapter 11 Trustee* (the "<u>Decision</u>") [Docket No. 106].  In the Decision, the Court found, in pertinent part, that the Trustee would control the sale of the Townhouse:

> The sale of the Townhouse also has not been proceeding in accordance with the schedule that I approved in December. It is in the interest of creditors generally that an independent third party be put in charge of this estate and take over primary responsibility for the sale of the Townhouse, the management of the Debtor's assets, the approval of expenditures, the conduct of settlement discussions, and the confirmation of a plan.  The Debtor will have the right to object if she does not like what the trustee proposes, but she will no longer be in charge.

Decision at 9-10.

24.     On March 13, 2024, the Court entered the *Order Granting Motion for Appointment of Chapter 11 Trustee* [Docket No. 107].

25.     On March 22, 2024, the Court entered the *Order Approving the Appointment of Chapter 11 Trustee* [Docket No. 112], pursuant to which Plaintiff was appointed as the Trustee in this Chapter 11 Case.  The Trustee has since duly qualified and is acting as the Chapter 11 Trustee of the Debtor's estate [Docket No. 114].

**II.     <u>The Townhouse</u>**

26.     In or around 1984, the Debtor and Marianne jointly purchased the Townhouse.

27.     By a deed dated January 25, 2018, Marianne transferred her ownership interest in the Townhouse to the Debtor.

28.     Marianne, who never resided at the Townhouse, is the widow of Oleg Cassini.

29.     Oleg Cassini died in 2006 and his estate (the "<u>Oleg Estate</u>") has been in probate proceedings pending in the New York State Surrogate's Court in Nassau County (the "<u>Surrogate's Court</u>").

30.     Parties-in-interest in probate proceedings for the Oleg Estate have asserted claims against Marianne, and they have asserted that Marianne has an interest in the Townhouse.

31.     The Surrogate's Court granted pre-judgment liens that have been recorded against the Townhouse.  The Trustee's reserves all of the Estate's rights, claims, and defenses regarding those liens.

32.     The Debtor has represented to the Court that she can no longer maintain the costs and expenses associated with the Townhouse, which include, without limitation, amounts due under several Mortgages (defined below), real estate taxes, utilities, and insurance coverage.

33.     Insurance policies covering the Townhouse will expire within 60 to 90 days.

34.     The Debtor has represented to this Court that she intended to market and sell the Townhouse during the Chapter 11 Case.

35.     The Townhouse constitutes property of the Estate pursuant to section 541 of the Bankruptcy Code.

**III.    <u>Liens Against the Townhouse and the Foreclosure Sale</u>**

**A.    The Emigrant Mortgage**

36.     On or about August 30, 2010, the Debtor executed a Mortgage and Adjustable Rate Note (the "<u>Emigrant Mortgage</u>") in favor of Emigrant Bank, as successor by merger with Emigrant Savings Bank-Manhattan ("<u>Emigrant Bank</u>") in the amount of $4 million.

37.     The Emigrant Mortgage is secured by a lien against the Townhouse.

38.     Emigrant Bank filed Proof of Claim No. 5 in the Chapter 11 Case in the amount of $3,559,407.76 on account of the Emigrant Mortgage.

**B.     The Lynx Mortgage**

39.     Prior to the Petition Date, Defendants owned and operated Gemeaux Ltd. ("Gemeaux"), which engaged in the licensing and promoting of products related to Oleg Cassini.

40.     On or about January 25, 2017, Gemeaux executed an Amended, Restated and Consolidated Promissory Note (the "Lynx Mortgage") in favor of Lynx Asset Services, LLC ("Lynx") in the amount of $9.5 million.

41.     Defendants guaranteed Gemeaux's obligations under the Lynx Mortgage.

42.     The Lynx Mortgage is secured by a lien against the Townhouse.

43.     Lynx filed Proof of Claim No. 10 in the Chapter 11 Case in the amount of $19,267,266.90 on account of the Lynx Mortgage.

44.     The Lynx Mortgage was in default on the Petition Date.

**C.     The Prime Plus Mortgages**

45.     On or about January 23, 2018, Defendants and Gemeaux executed a Promissory Note and Mortgage (the "First Prime Plus Mortgage") in favor of Prime Plus, LLC ("Prime Plus") in the amount of $1.3 million.

46.     The First Prime Plus Mortgage is secured by a lien against the Townhouse.

47.     Prime Plus filed Proof of Claim No. 7 in the Chapter 11 Case in the amount of $2,311,454.12 on account of the First Prime Plus Mortgage.

7

48. On or about November 16, 2018, Defendants and Gemeaux executed a Promissory Note and Mortgage (the "Second Prime Plus Mortgage" together with the First Prime Plus Mortgage, the "Prime Plus Mortgages" and, collectively with the Emigrant Mortgage and the Lynx Mortgage, the "Mortgages") in favor of Prime Plus in the amount of $1 million.

49. The Second Prime Plus Mortgage is secured by a lien against the Townhouse.

50. Prime Plus filed Proof of Claim No. 8 in this Chapter 11 Case in the amount of $1,699,131.90 on account of the Second Prime Plus Mortgage.

**D.    The Foreclosure Sale**

51. On May 1, 2018, Defendants defaulted on their obligations as guarantors of the Lynx Mortgage.

52. On or around May 22, 2019, Lynx notified Defendants that Lynx accelerated the Lynx Mortgage and declared the entire amount thereof immediately due and payable.

53. On or around June 14, 2019, Lynx commenced a foreclosure action in the New York Supreme Court, New York County (Index No. 85019/2019) (the "State Foreclosure Action") seeking to foreclose its lien against the Townhouse.

54. During November 2019, Defendants and Lynx entered into a forbearance agreement concerning the Lynx Mortgage (the "Lynx Forbearance Agreement").

55. Following Defendants' default under the Forbearance Agreement, Lynx resumed the State Foreclosure Action.

8

56.    On October 12, 2022, Lynx obtained entry of an Amended Judgment of Foreclosure and Sale and Decision and Order on Motion in the State Foreclosure Action (the "Lynx Foreclosure Judgment").

57.    A referee's sale of the Townhouse on account of the Lynx Foreclosure Judgment was scheduled for April 26, 2023 (the "Foreclosure Sale").

58.    The Debtor stayed the Foreclosure Sale by commencing the Chapter 11 Case one day before the Foreclosure Sale.

**IV.    The Sale Process in this Court**

59.    On December 12, 2023, the Court entered an order [Docket No. 77] approving the Debtor's retention of Sotheby's as her exclusive real estate broker to market and sell the Townhouse.

60.    On December 15, 2023, the Court entered an order [Docket No. 78] and granted the Debtor's motion [Docket No. 74] for approval of sale procedures for the Townhouse (the "Sale Procedures Order").

61.    On November 1, 2023, the Debtor commenced Adversary Proceeding No. 23-01195 (MEW) in this Court (the "Declaratory Judgment Action") seeking:  (i) a declaration that the Debtor is the sole owner of the Townhouse, and (ii) authority, pursuant to section 363(h) of the Bankruptcy Code, to sell the Townhouse.

62.    On January 31, 2024, Marianne filed an *Admission of Service* in the Declaratory Judgment Action, and stated:  "I acknowledge that I have no ownership interest in the premises located at 15 East 63th [sic] Street, New York . [sic] NY 10065. Peggy Nestor is the sole owner of 15 East 63rd Street."  Declaratory Judgment Action, Docket No. 10.

63.     On March 13, 2024, the Court entered the *Order Granting Partial*

*Summary Judgment on the Pleadings as to the Second Claim for Relief in the Complaint*

(the "Sale Order"), and ordered:

> **ORDERED**, pursuant to section 363(h), that the
> [Townhouse] be sold pursuant to the sale procedures
> previously approved by this Court;  and it is further
>
> **ORDERED**, that the proceeds of such sale shall be
> distributed to secured creditors or to other parties in
> accordance with their respective rights and interest, as such
> rights and interests are determined by the Court in the
> course of further proceedings in this adversary proceeding
> and in the underlying chapter 11 case[.]

Declaratory Judgment Action, Docket No. 18.

64.     The Sale Procedures Order provides for, among other things, a

listing price of $65 million for the Townhouse, an exclusive listing and marketing

period by Sotheby's that expires on June 30, 2024, and a bid deadline of July 1, 2024.

65.     The Debtor failed to comply with the Sale Procedures Order and

the Sale Order prior to Plaintiff's appointment as Trustee.

66.     The Debtor failed to cooperate with Sotheby's in its efforts to

market and sell the Townhouse.

67.     Defendants have impeded Sotheby's efforts to stage, market and

sell the Townhouse.

68.     The Debtor has failed and refused to comply with Plaintiff's

repeated demands for access to the Townhouse.

69.     The Debtor has also refused to comply with Plaintiff's repeated

requests for cooperation as he seeks to implement this Court's orders for the marketing

and sale of the Townhouse.

70.     Marianne has advised Plaintiff that, despite that she has no ownership interest in the Townhouse, she continues to have access to it, but she will not provide Plaintiff with access to the Townhouse and surrender her keys to the Townhouse to Plaintiff.

71.     To date, Defendants continue to possess and/or exercise control over the Townhouse.

**V.    The Trustee Must Obtain Immediate
        Possession and Control of the Townhouse**

72.     The Townhouse is property of the Estate, which Plaintiff may sell pursuant to section 363 of the Bankruptcy Code and the Sale Order.

73.     The Debtor's current disclosed monthly income is insufficient to satisfy monthly expenses associated with the Townhouse.

74.     The Debtor's failure to comply with the Sale Procedures Order and the Sale Order, and Marianne's conduct, impedes Plaintiff's ability to comply with the Sale Procedures Order and the Sale Order, and their conduct has and continues to cause harm to the Estate.

75.     As of the date hereof, the value of the Townhouse appears to exceed the claims asserted against the Debtor in this Chapter 11 Case.  However, obligations to the parties that have asserted liens against the Townhouse, and real estate taxes, other charges for maintenance of the Townhouse accrue daily and erode the Estate's equity value in the Townhouse.

**FIRST CAUSE OF ACTION
(Injunctive Relief Directing Debtor
to Turn Over Possession of the Townhouse)**

76.     Plaintiff repeats and re-alleges the paragraphs set forth above as though set forth herein.

11

77.    Defendants are in possession of the Townhouse.

78.    Defendants are exercising control over the Townhouse.

79.    Defendants have refused to cooperate with Sotheby's in connection with the Court-ordered marketing and sale of the Townhouse.

80.    Defendants have refused to comply with Plaintiff's requests for access to, and possession of, the Townhouse.

81.    Pursuant to section 521 of the Bankruptcy Code, the Debtor is required to cooperate with Plaintiff.  11 U.S.C. § 521(a)(3) ("The debtor shall . . . cooperate with the trustee as necessary to enable the trustee to perform the trustee's duties under this title.").

82.    Pursuant to section 521(a)(4) of the Bankruptcy Code, the Debtor is required to surrender the Townhouse to Plaintiff.  11 U.S.C. § 521(a)(4) ("The debtor shall…surrender to the trustee all property of the estate and any recorded information, including books, documents, records, and papers relating to property of the estate[.]").

83.    The Debtor's refusal to cooperate with Plaintiff constitutes violations of her duties pursuant to sections 521 and 542 of the Bankruptcy Code.

84.    An order should be entered directing the Debtor to provide Plaintiff with immediate access to, and sole possession of, the Townhouse.

## SECOND CAUSE OF ACTION
### (Turnover of Townhouse of the Estate)

85.    Plaintiff repeats and re-alleges the paragraphs set forth above as though set forth herein.

86.    Defendants are in possession of, and exercising control over, the Townhouse.

87.     Defendants' continued use, possession, and/or occupancy of the Townhouse impedes Plaintiff's efforts to maximize its value by selling it pursuant to the Sales Procedure Order and the Sale Order.

88.     The Townhouse constitutes property of the Debtor's Estate pursuant to section 541 of the Bankruptcy Code, which must be turned over to Plaintiff pursuant to section 542 of the Bankruptcy Code.

89.     Marianne's misconduct is impeding Plaintiff's ability to secure possession of and sell the Townhouse, and constitutes a violation of section 542 of the Bankruptcy Code.

90.     Pursuant to section 542(a) of the Bankruptcy Code, an order should be entered directing Defendants to immediately vacate and turn over sole possession of the Townhouse to Plaintiff so that it can be marketed and sold pursuant to the Sales Procedure Order and the Sale Order.

<u>**PRAYER FOR RELIEF**</u>

**WHEREFORE**, the Plaintiff respectfully requests that this Court enter a judgment:

(i)     On Plaintiff's First Cause of Action, directing the Debtor to surrender and turn over possession and control of the Townhouse to Plaintiff pursuant to Bankruptcy Code sections 521 and 542;

13

    (ii)      On Plaintiff's Second Cause of Action, directing Defendants jointly and severally to immediately and turn over sole possession of, the Townhouse to Plaintiff pursuant to Bankruptcy Code section 542(a);  and

    (iii)    granting such other relief as the Court deems just and proper.

DATED:  April 10, 2024
         New York, New York

ALBERT TOGUT, not individually but solely in his capacity as Chapter 11 Trustee, By His Proposed Attorneys, TOGUT, SEGAL & SEGAL LLP
By:

*/s/ Brian F. Shaughnessy*
NEIL BERGER
BRIAN F. SHAUGHNESSY
MARTHA E. MARTIR
JOHN C. GALLEGO
One Penn Plaza
New York, New York 10119
(212) 594-5000

14

**Exhibit E**

**2018 Quit Claim Deed**

**Prepared By**

Name: __Marianne Nestor__
Address: __135 East 19th Street__
_____New York_____
State: __New York____ Zip Code: __10003__

**After Recording Return To**

Name: __Peggy Nestor__
Address: __15 East 63rd Street__
_____New York_____
State: ____New York__ Zip Code: __10065__

|                                      |
| ------------------------------------ |
|                                      |

Space Above This Line for Recorder's Use

## NEW YORK QUIT CLAIM DEED

STATE OF NEW YORK

COUNTY OF __New York_____

KNOW ALL MEN BY THESE PRESENTS, That for and in consideration of the sum of
_____ (\$ _10,⁰⁰_____) in hand paid to
__Marianne Nestor_____, a __single woman____, residing at __135 East 19th Street__,
County of __New York___, City of __Manhattan_____, State of __New York_____
(hereinafter known as the "Grantor(s)") does hereby remise, release, and quitclaim unto
__Peggy Nestor_____, a __single woman____, residing at __15 East 63rd Street__,
County of __New York___, City of __Manhattan_____, State of __New York_____
(hereinafter known as the "Grantees(s)") all the rights, title, interest, and claim in or to
the following described real estate, situated in the County of __New York___, New York
to-wit:

__15 East 63rd Street, Manhattan, New York 10065   Block 1378   Lot 12__

_____

_____

**To have and to hold**, the same together with all and singular the appurtenances
thereunto belonging or in anywise appertaining, and all the estate, right, title, interest,
lien, equity and claim whatsoever for the said first party, either in law or equity, to the
only proper use, benefit and behoof of the said second party forever.

_Marianne_

_____        _____
Grantor's Signature                    Grantor's Signature

Marianne Nestor
_____        _____
Grantor's Name                         Grantor's Name

135 East 19th Street
_____        _____
Address                                Address

New York, New York 10003
_____        _____
City, State & Zip                      City, State & Zip


STATE OF NEW YORK)

COUNTY OF New York               )


Sworn to before me this _25_
day of January, 2018.


_____
Notary Public

Robert B. McKay
Notary Public NY
NO. 02MC4509395
Qualified in Nassau Co.
Certificate Filed in NY Co.
Commission Expires
August 31, 20 2 1