UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
In re:                                                             : Chapter 11
                                                                   :
PEGGY NESTOR,                                                      : Case No. 23-10627 (MEW)
                                                                   :
                                        Debtor.                    :
                                                                   :
------------------------------------------------------------------ x
ALBERT TOGUT, Not Individually But Solely in His                   :
Capacity as Chapter 11 Trustee,                                    :
                                                                   :
                                        Plaintiff,                 : Adv. Pro. No. 24-01342 (MEW)
                                                                   :
                v.                                                 :
                                                                   :
PEGGY NESTOR and                                                   :
MARIANNE NESTOR CASSINI,                                           :
                                                                   :
                                        Defendants.                :
------------------------------------------------------------------ x

## ORDER COMPELLING THE DEFENDANTS TO TURN
## OVER POSSESSION OF TOWNHOUSE TO TRUSTEE

Upon application (the "Motion")[1] of Albert Togut, not individually, but solely in his capacity as Chapter 11 trustee (the "Trustee") and the Plaintiff herein for an order to show cause (the "Order to Show Cause"), *inter alia*, scheduling a hearing to consider the Motion on shortened notice and for entry of an order at the hearing directing the above-captioned defendants (the "Defendants") jointly and severally to immediately surrender and turn over possession of the house and real property located at 15 East 63rd Street, New York, New York 10065 (the "Townhouse") to Plaintiff; and upon the declaration of Neil Berger (the "Berger Declaration"), submitted in support of the Motion and the Court having entered its Order to

---

[1] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Motion.

Show Cause [Adv. Pro. Docket No. 3, dated April 10, 2024, which scheduled a hearing to be conducted on April 23, 2024 (the "Hearing") to consider the Motion; and it appearing that good and sufficient notice of the Hearing, the Motion, and the Order to Show Cause having been given by the Trustee; and no additional notice of the Order to Show Cause and the Motion being necessary or required; and the Court having considered the Motion and any objections and responses filed in response to it; and the Court having heard the Trustee, by his attorneys, Defendants, and other parties in attendance during the Hearing, the record of which is incorporated herein; and upon all of the prior pleadings and proceedings herein; and the Court having jurisdiction to consider the Motion; and the relief requested therein being a core proceeding to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the access to, and possession of, the Townhouse sought by the Trustee in the Motion is necessary and warranted and satisfies the applicable standards under the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure and is necessary to implement and enforce this Court's prior orders; and after due deliberation thereon, and for the reasons stated by the Court during the Hearing; it is now, hereby

**ORDERED**, that the Motion is granted to the extent set forth herein; and it is further

**ORDERED**, that Defendants jointly and severally are directed to provide access to, and enable possession of, the Townhouse to Plaintiff, to enable Sotheby's and such other persons as may be designated and authorized by the Trustee to enter the Townhouse for any purpose needed by the Trustee including, but not limited to, permitting Sotheby's to stage and photograph the Townhouse, within forty-eight (48) hours after Defendants are served with a copy of this Order; and it is further

**ORDERED**, that Defendants jointly and severally are directed to turn over to the Trustee a set of keys for complete access to the Townhouse within forty-eight (48) hours after the entry of this Order, *provided*, *that*, upon gaining access to and possession of the Townhouse, the Trustee may utilize a locksmith to change the locks and all codes for alarms at the Townhouse; and it is further

**ORDERED**, upon gaining access to, and possession of, the Townhouse, the Townhouse shall be in the sole custody and control of the Trustee, and Defendants or their agents shall only be able to access the Townhouse upon the Trustee's prior written consent and for no longer than two (2) hours at a time and not more than twice per week, or pursuant to an order of this Court obtained by written application with notice and an opportunity to be heard; and it is further

**ORDERED**, that if Defendants do not timely comply with the obligations set forth in this Order, the Trustee, his agents, representatives, and professionals shall be authorized to (a) take all necessary steps to gain access to the Townhouse, including, utilizing a locksmith to change and/or break the locks, and (b) utilize the assistance of the U.S. Marshals' Service, Southern District of New York (the "U.S. Marshals Service"), as needed, to take all necessary steps, using whatever force necessary, to facilitate the Trustee's entry into the Townhouse and to remove any occupants found there; and it is further

**ORDERED**, that any person interfering with the execution of this Order is subject to arrest by the U.S. Marshals Service; and it is further

**ORDERED**, that the U.S. Marshals Service and its employees shall be held harmless from any and all claims, asserted in any court or tribunal, arising from any acts,

incidents, or occurrences in connection with any arrest or seizure and possession of the Townhouse, including any third-party claims; and it is further

**ORDERED**, that the Trustee shall serve a copy of this Order upon: (i) the United States Trustee; (ii) the Debtor, by her attorneys; (iii) Marianne Nestor Cassini; (iv) the U.S. Marshals Service; and (v) all parties who have filed a Notice of Appearance in this Chapter 11 Case; and it is further

**ORDERED**, that the Trustee and his attorneys are authorized and empowered to do such things, execute such documents, and expend such funds as may be necessary to effectuate the terms and conditions of the Order; and it is further

**ORDERED**, that pursuant to Bankruptcy Rule 7065, the Trustee need not comply with Rule 65(c) of the Federal Rules of Civil Procedure; and it is further

**ORDERED**, that a status conference shall be held before this Court on **April 30, 2024 at 11:00 a.m**. to assess Defendants' compliance with this Order and to consider any further relief sought by the Motion.

Dated: New York, New York
April 23, 2024

/s/ **Michael E. Wiles**
HONORABLE MICHAEL E. WILES
UNITED STATES BANKRUPTCY JUDGE