**Statement of issues:**
Case No. 24CV 4063

1. Marianne Nestor has a 50% Undivided Ownership of Property known as: 15 East 63rd Street, New York, NY 10065,

2. <u>Block 1378 Lot 12. Borough: Manhattan</u>.

    1. The only Deed is filed with the Land Records at 66 John Street and certified copy dated 5/17/2024, attached as <u>Exhibit 1.</u>

    2. The 50% Undivided Ownership was returned to Marianne Nestor as Tenant in Common with Peggy Nestor after a Quiet Title Proceeding was adjudicated by Supreme Court Judge Verna Saunders on 9/29/2020.

<u>Exhibit 2.</u>

After all Decisions, Orders, from 3/14/2016 through and including Hearing of 7/25/2016, were overturned by the Appellate Division 2 Dept. 2/13/2020. Title was returned to Marianne Nestor 9/29/2020.

3. As a result of the unlawful forcible taking of Marianne's property, perpetrated by the counsel of Albert Togut, namely Neil Berger, Counsel to Mr. Togut, in my opinion. exceeded his authority. I have *BEEN DENIED ACCESS TO MY PROPERTY AND MY BELONGINGS*, *all without rights.*

*I am advised that New York State Law maintains that only a filed Deed is operative. Additionally, this is a Rent Stabilized Property and NY State Law provides that persons over the Age of 65, cannot be evicted. I need immediate ingress and egress to my property and my belongings.*

**DESIGNATION OF ITEMS**
**CASE NUMBER 24-CV4063**

1. My 50% Undivided Ownership in a property purchased 2/23/1984, Block 1378 Lot 12 Borough Manhattan - 15 East 63rd Street 10065.

2. At closing, a number of items were purchased that were attached to Walls and certain fixtures, by Marianne Nestor, in her name, as  v. Personalty.  Taxes were paid to New York State.
   This included, Eight Fireplace surrounds, Paneling, ornately carved front door and Surrounds, approximately $500,000.
   All items recorded with the Deed and Taxes paid at Closing.

   Marianne Nestor - 15 East 63rd Street, NYC 10065.

   Phone 917 679 2558

## STATEMENT OF ISSUES AND PROPERTY RIGHTS

### Case number 24 - CV 4063

**Counsel to Mr. Togut, in my opinion, exceeded his authority.**
I have been denied access to my belongings, all without right.
Accordingly, I request that the District Court issue an Order directing the Trustee, Mr. Togut to immediately permit me unfettered access to the premises, and my indisputable 50% Ownership.
Additionally, for Mr. Togut to Cease and Desist from any further actions Which would have the effect of denying me the Use and enjoyment of my property and belongings.
I am advised that New York State Law maintains only a filed Deed is Operative.
Additionally, this is a Rent Stabilized Property, and the New York State Law provides, as well that Persons over 65 may not be evicted.
I need immediate Ingress and Egress to my Property and belongings.

**MARIANNE NESTOR**

Exhibit One

Certified Deed dated 5/17/2024

15 EAST 63RD STREET. NYC, NY 10065

Print Request ID 2024051700000306 - 0001

# CERTIFIED COPY

### CITY OF NEW YORK

### DEPARTMENT OF FINANCE

### OFFICE OF THE CITY REGISTER, MANHATTAN / NEW YORK COUNTY

The document attached hereto,

Document ID FT_1810000054681, DEED, recorded on
02-27-1984 00:00, page(s) 1 - 2

is a true and correct copy of the original document recorded in the Office of the City Register of New York on as attested by the City Register on
05-17-2024 12:23

*Colette McCain-Jacques*

Colette McCain-Jacques
City Register

Standard N Y B T.U. Form 8002* 11 80 70M - Bargain and Sale Deed, with Covenant against Grantor's Acts – Individual or Corporation (single sheet

CONSULT YOUR LAWYER BEFORE SIGNING THIS INSTRUMENT—THIS INSTRUMENT SHOULD BE USED BY LAWYERS ONLY.

REEL 767 PAGE 1840

SST
$5080 cv

THIS INDENTURE, made the 23RD day of FEBRUARY, nineteen hundred and eighty-four
BETWEEN KATHERINE BROWNE, residing at 8643 Holloway Plaza, Los Angeles, California 90069

party of the first part, and MARIANNE NESTOR and PEGGY NESTOR, having an address at 257 Park Avenue South, New York, New York 10010,

party of the second part,

WITNESSETH, that the party of the first part, in consideration of Ten Dollars and other valuable consideration paid by the party of the second part, does hereby grant and release unto the party of the second part, the heirs or successors and assigns of the party of the second part forever,

ALL that certain plot, piece or parcel of land, with the buildings and improvements thereon erected, situate, lying and being in the Borough of Manhattan, City, County and State of New York, bounded and described as follows:

BEGINNING at a point on the Northerly side of 63rd Street distant 124 feet 6 inches Westerly from the corner formed by the intersection of the Northerly side of 63rd Street and the Westerly side of Madison Avenue;

RUNNING THENCE Northerly parallel with THE WESTERLY SIDE OF Madison Avenue AND part of the distance through a party wall 100 feet 5 inches to the center line of the block; BETWEEN 63RD AND 64TH STREET

THENCE Westerly parallel with the Northerly side of 63rd Street 25 feet;

THENCE Southerly AND AGAIN parallel with Madison Avenue part of the distance through ANOTHER party wall 100 feet 5 inches to the Northerly side of 63rd Street;

THENCE Easterly along the Northerly side of 63rd Street 25 feet to the point or place of BEGINNING.

TAX MAP DESIGNATION

Dist.
Sec.
Bl. 1378
Lot(s): 12

TOGETHER with all right, title and interest, if any, of the party of the first part in and to any streets and roads abutting the above described premises to the center lines thereof; TOGETHER with the appurtenances and all the estate and rights of the party of the first part in and to said premises; TO HAVE AND TO HOLD the premises herein granted unto the party of the second part, the heirs or successors and assigns of the party of the second part forever.

AND the party of the first part covenants that the party of the first part has not done or suffered anything whereby the said premises have been encumbered in any way whatever, except as aforesaid.
AND the party of the first part, in compliance with Section 13 of the Lien Law, covenants that the party of the first part will receive the consideration for this conveyance and will hold the right to receive such consideration as a trust fund to be applied first for the purpose of paying the cost of the improvement and will apply the same first to the payment of the cost of the improvement before using any part of the total of the same for any other purpose.
The word "party" shall be construed as if it read "parties" whenever the sense of this indenture so requires.

IN WITNESS WHEREOF, the party of the first part has duly executed this deed the day and year first above written.

IN PRESENCE OF:

[signature]                                      [signature: Katherine Browne]

STATE OF NEW YORK, COUNTY OF N.Y.    ss.:    STATE OF NEW YORK, COUNTY OF    ss.:

On the 23 day of FEBRUARY 1984, before me personally came KATHERINE BROWNE   NO IN ORIGINAL

On the    day of       19  , before me personally came   REEL 767 PAGE 1841

to me known to be the individual described in and who executed the foregoing instrument, and acknowledged that she executed the same.

to me known to be the individual described in and who executed the foregoing instrument, and acknowledged that executed the same.

JOSEPH NURNBERG
Notary Public, State of New York
[illegible]

STATE OF NEW YORK, COUNTY OF    ss.:    STATE OF NEW YORK, COUNTY OF    ss.:

On the    day of       19  , before me personally came to me known, who, being by me duly sworn, did depose and say that   he resides at No.           ; that   he is the            of                  , the corporation described in and which executed the foregoing instrument; that he knows the seal of said corporation; that the seal affixed to said instrument is such corporate seal; that it was so affixed by order of the board of directors of said corporation, and that   he signed h   name thereto by like order.

On the    day of       19  , before me personally came the subscribing witness to the foregoing instrument, with whom I am personally acquainted, who, being by me duly sworn, did depose and say that   he resides at No.           ; that   he knows                to be the individual described in and who executed the foregoing instrument; that   he, said subscribing witness, was present and saw          execute the same; and that   he, said witness, at the same time subscribed h   name as witness thereto.

**Bargain and Sale Deed**
WITH COVENANT AGAINST GRANTOR'S ACTS

TITLE NO. M 21033

KATHERINE BROWNE

TO

SECTION
BLOCK 1378
LOT 12
COUNTY OR TOWN NEW YORK
TAX BILLING ADDRESS 15 EAST 63 RD STREET

STANDARD FORM OF NEW YORK BOARD OF TITLE UNDERWRITERS
Distributed by
TITLE GUARANTEE-
NEW YORK
A TICOR COMPANY

Recorded At Request of The Title Guarantee Company
RETURN BY MAIL TO:

BOOTH, LIPTON & LIPTON
405 Park Avenue
New York, New York
ATT WILL SANSLER ESQ.   Zip No. 10022

RECORDED BY
LTIC ASSOC., INC.
41 East 42 Street
NEW YORK, N.Y. 10017
599-2170

$3,056 — REAL ESTATE
FEB 27 1984
TRANSFER TAX
NEW YORK COUNTY

# CASSINI

Exhibit ~~One~~ Two

Order of NY Supreme Court Judge Verna Saunders 9/22020 Dismissing the Complaint cancelling the Notice of Pendancy recorded 1/20/2019.

15 EAST 63RD STREET NYC 10065

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

| | | | |
|---|---|---|---|
| PRESENT: | HON. VERNA L SAUNDERS | PART | IAS MOTION 36 |
| | *Justice* | | |

-----------------------------------------X

BRIAN CURRAN

INDEX NO. 151042/2019

MOTION SEQ. NO. 002

Plaintiff,

- against -

PEGGY NESTOR,

DECISION + ORDER ON MOTION

Defendant.

-----------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 002) 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 54, 55, 56, 57

were read on this motion to/for                DISMISSAL                .

Motion Sequence 002, a motion to dismiss plaintiff' complaint and cancel the notice pendency recorded on January 30, 2019, is resolved pursuant to the So Ordered Stipulation annexed hereto.

This constitutes the Decision and Order of the Court.

September 29, 2020

HON. VERNA L SAUNDERS, J.S.C.

| CHECK ONE: | ☐ CASE DISPOSED | ☒ NON-FINAL DISPOSITION | |
| --- | --- | --- | --- |
| | ☐ GRANTED ☐ DENIED | ☐ GRANTED IN PART | ☒ OTHER |
| APPLICATION: | ☐ SETTLE ORDER | ☐ SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | ☐ INCLUDES TRANSFER/REASSIGN | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE |

151042/2019  CURRAN, BRIAN vs. NESTOR, PEGGY
Motion No. 002

Page 1 of 1

At the IAS Part 36 of the Supreme Court
of the State of New York, held in and for the
County of New York at the Courthouse
thereof, 111 Centre St, New York, New
York on the 2̲1̲ day of September, 2020

PRESENT: HONORABLE VERNA L. SAUNDERS, J.S.C.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------------X   Index No. 151042/2019
BRIAN CURRAN, PUBLIC ADMINISTRATOR OF
NASSAU COUNTY, AS ADMINISTRATOR CTA OF THE
ESTATE OF OLEG CASSINI, DECEASED

                Plaintiff,   **SO ORDERED STIPULATION**
   - against -

PEGGY NESTOR,

                Defendant.
------------------------------------------------------------X
MARIANNE NESTOR CASSINI and PEGGY NESTOR,   Index No. 155755/2020

                Plaintiffs,
   - against -

BRIAN CURRAN, A PUBLIC ADMINISTRATOR
OF NASSAU COUNTY, AS ADMINSTRATOR
CTA OF THE ESTATE OF OLEG CASSINI,
DECEASED,

                Defendant
------------------------------------------------------------X

IT IS HEREBY STIPULATED, CONSENTED TO AND AGREED, by and between the parties, each appearing through counsel, that these actions which involve real property known as and located at 15 East 63rd Street, New York, New York 10065 (Block 1378; Lot 12) ("Subject Premises") be settled and resolved upon following recitals:

1. The Subject Premises were acquired by Defendant PEGGY NESTOR and Marianne Nestor by Deed dated February 23, 1984 and recorded with the City Register on February 27, 1984 ("1984 Deed");

2. A Judgment against Marianne Nestor (also known as Marianne Nestor Cassini) in the amount of $50,939,988.48 was issued by the Surrogate's Court of Nassau County on or about January 3, 2018 ("Judgment"));

    a. A Transcript of Judgment was recorded and filed in the Office of the County Clerk, County of New York on or about January 5, 2018 which was subsequently amended;

3. Upon an auction by the Sheriff of the Subject Premises held on September 12, 2018, JEFFREY DeLUCA, PUBLIC ADMINISTRATOR OF NASSAU COUNTY, AS ADMINSTRATOR CTA OF THE ESTATE OF OLEG CASSINI, was the successful bidder and purchased Marianne Nestor Cassini's undivided 50% interest in the Subject Premises.

4. A Sheriff's Deed dated November 13, 2018 conveying Marianne Nestor Cassini's undivided 50% interest in the Subject Premises to Jeffrey DeLuca, as Public Administrator of Nassau County, as Administrator C.T.A. of the estate of Oleg Cassini, Deceased was recorded with the City Register of the City of New York on November 29, 2018 (CRFN 201800039488);

5. The Judgment thereafter was rendered voidable by Opinion and Order of the Supreme Court of the State of New York, Appellate Division, Second Department, dated February 13, 2020 (Matter of Cassini, Deceased) (D62044), which found the lower court should have granted an adjournment of the accounting trial in the interim accounting proceeding, which trial gave rise to the $50,939,988.48 monetary

2

judgment as against Marianne Nestor Cassini; and remitted the matter to the Surrogate's Court, Nassau County, for a new trial to be conducted expeditiously; and

WHEREFORE, in light of the Appellate Division, Second Department's Opinion and Order (¶5, *supra*), the Sheriff's Deed (¶4, *supra*) was rendered voidable;

WHEREFORE, rather than engage in protracted litigation regarding the claims and counterclaims in the above-referenced actions, the parties hereto have decided to request the Court order the following:

ORDERED, that the pending motion to dismiss (Motion Seq.2) by defendant Peggy Nestor in the case with index number 151042/2019, is hereby withdrawn; and it is further

ORDERED, that the Sheriff's Deed dated November 13, 2018 and recorded with the City Register of the City of New York on November 29, 2018 (CRFN 201800039488) be vacated as of the date of this Order; and it is further

ORDERED, that title to the Subject Premises be restored as held by and through the 1984 Deed (¶1, *supra*); and it is further

ORDERED, that no party hereto is required to pay any monies to any other party herein as monetary damages in either action, including but not limited to attorney's fees, costs and disbursements, and the attorneys for the parties shall sign Stipulations of discontinuance, with prejudice, of the above actions simultaneously with the instant stipulation; and it is further

ORDERED that the City Register of the City of New York is directed to cancel and set aside the Sheriff's Deed dated November 13, 2018 and recorded with the City Register of the City of New York on November 29, 2018 (CRFN 201800039488) for the Subject Premises known as and located at 15 East 63rd Street, New York, New York 10065 (Block 1378; Lot 12); and it is further

ORDERED that the City Register of the City of New York is to record this "So Ordered Stipulation" against the foregoing property FORTHWITH.

_____
Mahon, Mahon, Kerins & O'Brien, LLC
Attorneys for Brian Curran, Public
Administrator of Nassau County, as
Administrator, CTA of the Estate of Oleg
Cassini, Deceased
254 Nassau Boulevard S.
Garden City South, NY 11530
(516) 538-1111
robrien@mahonlaw.com

Jason J. Rebhun, Esq.
*Digitally signed by Jason J. Rebhun, Esq.*
Law Offices of Jason J. Rebhun, P.C.
Attorneys for
Marianne Nestor Cassini and
Peggy Nestor
225 Broadway, 38th Floor
New York, NY 10007
(646)201-9392
Jason@jasonrebhun.com

This constitutes the Order of the Court.

ENTER:
**SO ORDERED**

_____
HON. VERNA L. SAUNDERS, J.S.C.

4

## CASSINI

EXHIBIT TWO

February 13, 2020, Decision and Orders of the Appellate Division Second Department Dismissing Surrogate Reilly Decisions and Orders including her 7/1/2016 Unbonded Receiver Order.

15 EAST 63RD STREET NYC 10065

LEVENTHAL, COHEN and HINDS-RADIX, JJ., concur.

ORDERED that the appeals from the orders dated November 14, 2017, and December 21, 2017, respectively, are dismissed; and it is further,

ORDERED that the order dated March 6, 2017, is reversed, on the law, the petitioner's motion to vacate the order dated July 1, 2016, is granted, the order dated July 1, 2016, is vacated, the matter is remitted to the Surrogate's Court, Nassau County, for a new determination of the objectants' cross motion to appoint a receiver, and pending the new determination of the cross motion, the receiver appointed pursuant to the order dated July 1, 2016, shall continue as temporary receiver; and it is further,

ORDERED that the amended order dated November 13, 2017, is reversed, on the law, the petitioner's motion to vacate and declare void all decisions, orders, and judgments entered after March 14, 2016, is granted to the extent that all decisions, orders, and judgments entered in all proceedings herein between March 14, 2016, and July 25, 2016, are vacated, and the motion is otherwise denied; and it is further,

ORDERED that one bill of costs is awarded to the petitioner.

ENTER:

Aprilanne Agostino
Clerk of the Court