UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

```
------------------------------------------------------------- x
                                                              :
In re:                                                        :   Chapter 11
                                                              :
PEGGY NESTOR,                                                 :   Case No. 23-10627 (MEW)
                                                              :
                                  Debtor.                     :
                                                              :
------------------------------------------------------------- x
                                                              :
ALBERT TOGUT, Not Individually But Solely in His              :
Capacity as Chapter 11 Trustee,                               :
                                                              :
                                  Plaintiff,                  :   Adv. Pro. No. 24-01342 (MEW)
                                                              :
            v.                                                :
                                                              :
PEGGY NESTOR and                                              :
MARIANNE NESTOR CASSINI,                                      :
                                                              :
                                  Defendants.                 :
------------------------------------------------------------- x
```

## ORDER ENJOINING PEGGY NESTOR AND MARIANNE NESTOR CASSINI FROM CONTACTS WITH POTENTIAL PURCHASERS

Upon the application (the "Application")[1] of Albert Togut, not individually but solely in his capacity as the Chapter 11 trustee (the "Trustee") of the estate ("Estate") of Peggy Nestor (the "Debtor"), the debtor in the above-captioned case (the "Chapter 11 Case"), by his attorneys, Togut, Segal & Segal LLP, and upon the declarations of Brian Moore and Yingkai Xu ("Mr. Xu") (together, the "Declarations") filed in accordance with Local Rule 9077-1(a) and annexed to the Application; and upon consideration of the Application and the Declarations attesting to the necessity for relief by order to show cause; and the Court having considered the matter at a preliminary hearing held at 2:00 p.m. on March 3, 2026 (the "Initial Hearing"); and the

---

[1]  Capitalized terms used in this Order and not otherwise defined shall have the meanings ascribed to them in the Application.

Defendants having been given notice of the Initial Hearing and having been given the opportunity to participate either in person or by Zoom, but having elected not to appear and (in the case of Marianne Nestor Cassini) having advised the Court that she would not appear;

**AND THIS COURT HAVING PREVIOUSLY** appointed a Trustee and having conferred upon the Trustee the power to sell the real property located at 15 East 63rd Street, New York, 10065 (the "Townhouse") and having entered an Order dated February 26, 2026 (the "Sale Order") (ECF No. 920) that approved the sale of the Townhouse to 63rd St Townhouse LLC (the "Approved Buyer") and that also approved the designation of Mr. Xu as the backup bidder whose purchase of the Townhouse is approved in the event a sale to the Approved Buyer does not close;

**AND THIS COURT** having issued an Order to Show Cause and Temporary Restraining Order on March 3, 2026 (ECF No. 935), directing Debtor Peggy Nestor and her sister, Defendant Marianne Nestor Cassini a/k/a Marianne Nestor (together, the "Nestors"), to show cause as to why an order should not be entered prohibiting the Nestors, jointly and severally, from (a) entering in or being present at any location which is within two-city blocks of the Townhouse as described in the Application, (b) coming within 500 feet of the managers of the Approved Buyer, Mr. Xu, and Sami Hassoumi, the Trustee's real estate broker (collectively, and together with, as applicable, such party's spouse, children, counsel, and real estate broker, the "Potential Purchasers"), the residence of the Potential Purchasers, and the place of employment of the Potential Purchasers, and (c) stalking, harassing, threatening, or contacting the Potential Purchasers, in each case without prior written consent by the Trustee or an order of the Court obtained upon written request, notice, and a hearing;

2

**AND THE COURT HAVING CONDUCTED AN ADDITIONAL HEARING** in the presence of the Nestors on March 5, 2026 (the "Second Hearing"), at which time a supplemental declaration of Mr. Xu and additional video tapes were admitted into evidence;

**AND THE COURT HAVING DETERMINED,** based on the Declarations and evidence submitted at the Initial Hearing and the Second Hearing, that during the evening on February 28, 2026, the Nestors appeared uninvited at the home of Mr. Xu, at which time they attempted to discourage him from participating in a purchase of the Townhouse and stated (among other things) that the Townhouse was not available for sale and would not be sold, despite the fact that this Court has previously vested the Trustee with the power to sell the Townhouse and despite the fact that this Court had already entered an order approving a sale; and

**THE COURT HAVING FURTHER DETERMINED** that (a) the Nestors have deliberately attempted to interfere with the sale process and the Trustee's authority over the same, in open defiance of this Court's prior orders, by attempting to discourage Mr. Xu from participating in the sale process and by attempting to misrepresent, to him, the finality and terms of this Court's orders; (b) the conduct of the Nestors poses a risk of irreparable harm to the sale process, to the ability of the Trustee to complete the prompt and fair resolution of this long-pending bankruptcy case, and to the interests of the secured creditors whose claims need to be addressed; (c) the public interest in the prompt resolution of these bankruptcy proceedings favors the relief set forth herein; and (d) the injunction set forth herein will not impair any legitimate rights of the Nestors, and that the balance of hardships favors the entry of such relief,

**NOW, THEREFORE, IT IS HEREBY ORDERED** that the Nestors are enjoined from contacting the Potential Purchasers in any manner and/or from interfering in any manner with the

completion of the Sale approved by this Court; *provided however,* that the Nestors may serve relevant court papers or motions on the following counsel to the Approved Buyer and/or Mr. Xu as set forth below:

> Alec P. Ostrow, Esq.
> Becker. Glynn, Muffly, Chassin & Hosinski, LLP
> 299 Park Avenue, 16th Floor
> New York, NY 10171
> Email: aostrow@beckerglynn.com
>   *Attorneys for 63rd St. Townhouse, LLC*
>
> Jonathan Helfer, Esq.
> Romer Debbas, LLP
> 275 Madison Avenue – 8th Floor
> New York, New York 10016
> Email: jhelfer@romerdebbas.com
>   *Attorneys for Mr. Xu*

and it is further

**ORDERED**, that this Court shall retain jurisdiction over the interpretation and enforcement of this Order.

DATED:   New York, New York
            March 5, 2026

                                        **s/Michael E. Wiles**
                                        HONORABLE MICHAEL E. WILES
                                        UNITED STATES BANKRUPTCY JUDGE